1  BILL LOCKYER
   Attorney General of the State of California
2  THEODORA P. BERGER
   Senior Assistant Attorney General
3  REED SATO, State Bar No. 087685
   Deputy Attorney General
4   1300 I Street, Suite 125
    P.O. Box 944255
5   Sacramento, CA 94244-2550
    Telephone:  (916) 324-8630
6   Fax:  (916) 327-2319

7  Attorneys for Plaintiff, State of California on behalf of
   the Dept. of Toxic Substances Control and Hazardous
8  Substance Account

9

10               IN THE UNITED STATES DISTRICT COURT

11              FOR THE EASTERN DISTRICT OF CALIFORNIA

12

| STATE OF CALIFORNIA on behalf of the DEPARTMENT OF TOXIC SUBSTANCES CONTROL; HAZARDOUS SUBSTANCE ACCOUNT, | CASE NO. CV F 96 5176 REC SMS |
|---|---|
| Plaintiff, | ORDER RESTRICTING USE OF PROPERTY |
| v. | Date: December 19, 2005 |
| AVEDICK AGAJANIAN; LILY AGAJANIAN, | Time: 1:30 p.m. |
| Defendants. | Courtroom: One |

21                              **I.**

22                        **INTRODUCTION**

23       Plaintiff, State of California, on behalf of the Department of Toxic Substances Control

24  ("Department" or "DTSC"), seeks a restriction on the use of the property formerly known as the

25  the Silver Queen Junkyard site in Kern County ("Silver Queen Junkyard Site" or "Site").  The

26  Department has completed a removal action for the Site based on cleanup levels developed for

27  the future use of the Site for industrial or commercial purposes.  The Department seeks this

28  Order Requiring Restrictions on Use of Property ("Restrictions on Use") so that it can certify the

1  completion of the response action for this Site and in a manner not inconsistent with the National
2  Contingency Plan, 40 C.F.R. § 300.430(e)(3)(ii).  The Department represents that it will record
3  this Order with the Kern County Recorder's Office so that any subsequent owners or occupants
4  of the Site will be aware of the restrictions on the use of the Site.

5  IT IS HEREBY ORDERED:

## II.

## STATEMENT OF FACTS

8    1.01.   The Site, totaling approximately 21 acres, is more particularly described and depicted in Exhibit "A", attached hereto and incorporated herein by this reference.  The Site is located in the area now generally bounded on the east by United Road, on the north and south by undeveloped land and by an industrial parcel on the West, in the County of Kern, State of California.  This Site is more specifically described as Kern County Assessor's Parcel No. 429-170-05 and shown in Kern County Assessor's Parcel Map attached as Exhibit "B".

   1.02.   A limited portion of the Site, hereafter referenced as "Capped Area", is defined below, and is more particularly described in Exhibit "C" which is attached and incorporated by this reference.  The Capped Area is located in the southwestern portion of the Site.  The Capped Area is comprised of rectangular-shaped concrete cap, approximately 113 feet long by 66 feet wide.  The Capped Area is also depicted as a cross–hatched rectangle on Exhibit "D", attached to this document and also incorporated by this reference.

   1.03.   The Site has been remediated under the supervision and authority of the Department.  The Site has been remediated pursuant to a Removal Action Workplan pursuant to Chapter 6.8 of Division 20 of the Health and Safety Code.  Because hazardous substances, as defined in Health and Safety Code section 25316, which are also hazardous materials as defined in Health and Safety Code section 25260, including lead, copper, and zinc, remain in the soil and under portions of the Site in a capped area, the Removal Action Workplan provided that a restriction on the future use of the Site would be required as part of the site remediation.  The Department circulated the Removal Action Workplan, which contained a Final Health Risk Assessment, together with a negative declaration pursuant to the California Environmental

Quality Act, Public Resources Code sections 21000 *et seq*. for public review and comment. The Removal Action Workplan and the negative declaration, were approved by the Department on December 16, 1998. Remediation for the Site included the following response activities: 1) excavation and lining of a consolidation pit; 2) excavation and consolidation of the surface soil contaminated with concentrations of lead, copper and zinc that exceeded the remedial goals of 1,000 mg/kg, 2,500 mg/kg and 5,000 mg/kg, respectively, into the consolidation pit; 3) the consolidation of debris into the pit; 4) the construction of a reinforced concrete cap over the consolidated soil and debris; 5) the backfilling and grading of excavated areas of the Site. The response action also includes the operation and maintenance of the Capped Area and the restriction of land usage to industrial. The operation and maintenance of the Cap, is pursuant to an Operation and Maintenance Manual incorporated into the Deed Restriction and attached as Exhibit "E".

  1.04.  As detailed in the Final Remedial Investigation and Feasibility Study as approved by the Department on June 28, 1993, a portion of the surface and subsurface soils within 2 feet of the surface of the Site contain hazardous substances, as defined in Health and Safety Code section 25316, which include the following metal contaminants of concern in the ranges set forth below: lead [5.0 to 10,000 milligrams per kilogram (mg/kg)], copper (5.0 to 85,000 mg/kg), and zinc (5.0 to 15,000 mg/kg). Based on the Final Risk Assessment for the Site, the Department concluded that use of the Site as a residence, hospital, school for persons under the age of 21 or day care center would entail an unacceptable cancer risk. Additionally, the Final Risk Assessment identified the Remedial Goals for commercial and industrial use of the Site to be 1,000 mg/kg, 2,500 mg/kg and 5,000 mg/kg for lead, copper and zinc, respectively. The remediation of the site involved the removal of soil containing concentrations of lead, copper and zinc in excess of the Remedial Goals. The Department further concluded that the Site, as remediated, and subject to the restrictions of the restrictions on use set for this Order, does not present an unacceptable threat to human safety or the environment, if limited to commercial and industrial use.

/ / /

# II

# DEFINITIONS

2.01.   <u>Department</u>.  "Department" means the California Department of Toxic Substances Control and includes its successor agencies, if any.

2.02.   <u>Owner</u>.  "Owner" means the any person who at any time holds title to all or any portion of the Site.

2.03.   <u>Occupant</u>.  "Occupant" means the Owner and any person or entity entitled by ownership, leasehold, or other legal relationship to the right to occupy any portion of the Site.

# III

# GENERAL PROVISIONS

3.01.   <u>Restrictions to Run with the Land</u>.  This Restriction on Use sets forth protective provisions, restrictions, and conditions (collectively referred to as "Restrictions"), subject to which the Site and every portion thereof shall be improved, held, used, occupied, leased, sold, hypothecated, encumbered, and/or conveyed.  Each and every Restriction:  (a) runs with the land; (b) inures to the benefit of and passes with each and every portion of the Site; (c) is for the benefit of, and is enforceable by the Department, and (d) is imposed upon the entire Site unless expressly stated as applicable only to a specific portion thereof.

3.02.   <u>Binding upon Owners/Occupants</u>.  This Restriction on Use binds all owners of the Site, their heirs, successors, and assignees, and the agents, employees, and lessees of the owners, heirs, successors, and assignees.  All successive owners of the Site are expressly bound hereby for the benefit of the Department.

3.03.   <u>Written Notice of Release of Hazardous Substances</u>.  Prior to the sale, lease or sublease of the Site, the owner, lessor, or sublessor shall give the buyer, lessee, or sublessee notice that hazardous substances are located on or beneath the Site, as required by California Health and Safety Code section 25359.7.

3.04.   <u>Incorporation into Deeds and Leases</u>.  The Restrictions set forth herein shall be incorporated by reference in each and all deeds and leases for any portion of the Site.

/ / /

3.05. <u>Conveyance of Site</u>. An Owner shall provide notice to the Department not later than thirty (30) days after any conveyance of any ownership interest in the Site (excluding mortgages, liens, and other non-possessory encumbrances). The Department shall not, by reason of this Restriction on Use, have authority to approve, disapprove, or otherwise affect proposed conveyance, except as otherwise provided by law, by administrative order, or by a specific provision of this Restriction on Use.

3.06. <u>Costs of Administering the Deed Restriction May Be Paid by Owner.</u> The terms of this deed restriction run with the land and will continue in perpetuity unless a variance is granted pursuant to section 6.01, or unless terminated pursuant to section 6.02. The Department has already incurred and will in the future incur costs associated with the administration of this deed restriction. Therefore, the Owner may be liable to pay the Department's cost in administering the deed restriction. In the event the Site ownership changes between the time that the Department's administrative costs were incurred and the invoice for such costs is received, each owner of the Site for the period covered by the invoice, as well as the current owner, is responsible for such costs. Further, the Owner may be liable in the event of remedy failure and is deemed to enjoy the benefit of the Restriction on Use, notwithstanding the fact that the Owner may no longer be in possession of the Site.

## IV

## RESTRICTIONS

4.01. <u>Prohibited Uses</u>. The Site shall not be used for any of the following purposes:

(a) A residence, including any mobile home or factory-built housing, constructed or installed for use as residential human habitation.

(b) A hospital for humans.

(c) A public or private school for persons under 21 years of age.

(d) A day care center for children.

/ / /

/ / /

/ / /

4.02. <u>Non-Interference with Cap</u>.

    (a) Activities that may disturb the Cap (e.g. excavation, grading, removal, trenching, filling, earth movement, or mining) shall not be permitted on the Capped Area without prior review and approval by the Department.

    (b) All uses and development of the Capped Area shall preserve the integrity of the Cap.

    (c) The Cap shall not be altered without written approval by the Department.

    (d) The Owner or Occupant shall notify the Department of each of the following:

        (i) The type, cause, location and date of any disturbance to the Cap that could affect the ability of the Cap to contain subsurface hazardous wastes or hazardous materials in the Capped Area, and (ii) the type and date of repair of such disturbance. Notification to the Department shall be made as provided below within ten (10) working days of both the discovery of any such disturbance and the completion of any repairs. Timely and accurate notification by any Owner or Occupant shall satisfy this requirement on behalf of all other Owners and Occupants.

4.03. <u>Access for Department</u>. The Department shall have reasonable right of entry and access to the Site for inspection, monitoring, and other activities consistent with the purposes of this Restriction on Use as deemed necessary by the Department in order to protect the public health or safety, or the environment.

4.04. <u>Access for Implementing O&M</u>. The entity or person responsible for implementing the Operation and Maintenance Manual shall have reasonable right of entry and access to the Site for the purpose of implementing the activities described in the Operation and

Maintenance Manual until the Department determines that no further Operation and Maintenance is required.

## V

## ENFORCEMENT

5.01.   <u>Enforcement</u>.  Failure of the Owner or Occupant to comply with any of the Restrictions specifically applicable to it shall be grounds for the Department to require that such person modify or remove any improvements constructed or placed upon any portion of the Site in violation of the Restrictions.  ("Improvements" herein shall mean all buildings, roads, driveways, and paved parking areas.)  Violation of this Restriction on Use may be grounds for the Department to seek civil or criminal actions as provided by law.

## VI

## VARIANCE, TERMINATION, AND TERM

6.01.   <u>Variance</u>.  Any owner may apply to the Department for a written variance from the provisions of this Restriction on Use.  The provisions of California Health and Safety Code section 25233 shall apply to any applications for a variance.

6.02.   <u>Termination</u>.  Any aggrieved person may apply to the Department for a termination of the Restrictions or other terms of this Restriction on Use as they apply to all or any portion of the Site.  The provisions of California Health and Safety Code section 25234 shall apply to any applications to remove the land use restrictions.

6.03.   <u>Term</u>.  Unless ended in accordance with the Termination paragraph above, by law, or by the Department in the exercise of its discretion, this Restriction on Use shall continue in effect in perpetuity.

## VII

## MISCELLANEOUS

7.01.   <u>No Dedication Intended</u>.  Nothing set forth in this Restriction on Use shall be construed to be a gift or dedication, or offer of a gift or dedication, of the Site, or any portion thereof to the general public or anyone else for any purpose whatsoever.

/ / /

1  7.02. <u>Department References</u>. All references to the Department include successor agencies/departments or other successor entity.

7.03. <u>Notices</u>. Whenever any person gives or serves any Notice on the Department ("Notice" as used herein includes any demand or other communication with respect to this Restriction on Use), each such Notice shall be in writing and shall be sent as follows:

> Northern California - Central
> Cleanup Operations Branch
> Department of Toxic Substances Control
> 8800 Cal Center Drive
> Sacramento, California 95826

7.04. <u>Partial Invalidity</u>. If any portion of the Restrictions or other term set forth herein is determined by a court of competent jurisdiction to be invalid for any reason, the surviving portions of this Restriction on Use shall remain in full force and effect as if such portion found invalid had not been included herein.

7.05. <u>Statutory References</u>. All statutory references include successor provisions.

## VIII

## RECORDATION OF ORDER

8.01. <u>Recording of Order</u>. This Order, with all referenced Exhibits, shall be recorded in the Kern County Recorder's Office within ten (10) days of the Department's receipt of a copy of the Order.

IT IS SO ORDERED.

Dated: 12/22/05                          /s/Robert E. Coyle
                                          The Honorable Robert E. Coyle
                                          United State District Court Judge

96cv5176.wpd